# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00705-CR

**William A. Lampe, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. 554300, HONORABLE MIKE DENTON, JUDGE PRESIDING

Following a bench trial, the court adjudged appellant William A. Lampe guilty of assault, assessed punishment at incarceration for one year and a $1000 fine, and placed appellant on community supervision. *See* Tex. Pen. Code Ann. § 22.01(a)(1) (West Supp. 2001). Appellant challenges the legal and factual sufficiency of the evidence to sustain the guilty verdict. We find the evidence to be sufficient and affirm.

The complainant was Mary Opp, appellant's former wife. She testified that she and appellant had arranged to meet in the parking lot of an Austin restaurant so that appellant could return their three children following a visitation. Appellant and the children arrived almost two hours late. After Opp placed the children in her car, appellant asked to say goodbye to them. Opp testified, "I told him he had more than an hour and 45 minutes to say goodbye to them. And I told him that we were just going to go, and he had the doll in his hand and he swung it around and hit me in the face with it, and threw it in the car."

Appellant and his girlfriend, who was with him at the time, also testified. Both said that the doll belonged to appellant's youngest daughter, but that when he tried to give it to Opp, she angrily refused to take it. Appellant then tossed the doll into Opp's car. Appellant denied striking Opp with the doll.

The information accused appellant of intentionally, knowingly, or recklessly causing bodily injury to Opp. The court expressly found that appellant committed the offense recklessly. Appellant argues that if the court believed Opp's testimony, he was compelled to conclude that appellant acted intentionally or knowingly; if he believed appellant's testimony, no assault was committed. Appellant contends that because there was no evidence on which to base a finding of recklessness, the evidence is legally insufficient to sustain the court's verdict. Alternatively, appellant asserts that the finding of recklessness is so contrary to the overwhelming weight of the evidence as to be clearly unjust.

Assault is a "result of conduct" offense. *Fuller v. State*, 819 S.W.2d 254, 256 (Tex. App.—Austin 1991, pet. ref'd). From the evidence in this cause, a rational trier of fact could find beyond a reasonable doubt that although appellant may have intentionally or knowingly struck the complainant with the doll, he consciously disregarded a substantial and unjustifiable risk that his conduct would result in bodily injury. We therefore hold that the evidence is legally sufficient to sustain the finding that appellant recklessly caused bodily injury to the complainant. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). And giving the fact finder's verdict the deference it is due, we cannot say that a conviction

2

for reckless assault is clearly wrong or manifestly unjust. *See Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); *Reina v. State*, 940 S.W.2d 770, 773 (Tex. App.—Austin 1997, pet. ref'd).

Appellant's points of error are overruled and the judgment of conviction is affirmed.

_____

Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   October 25, 2001

Do Not Publish